United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

-----

No. 06-10704
Conference Calendar

-----

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ROY ARREDONDO, JR., also known as West,

                              Defendant-Appellant.

-----
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-75-1
-----

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Roy Arredondo, Jr., appeals the sentence imposed following
his guilty-plea conviction for conspiracy to distribute and
possess with intent to distribute five kilograms or more of
cocaine, 100 kilograms or more of marijuana, and 500 grams or
more of methamphetamine.  He argues that the district court erred
by imposing a four-level enhancement pursuant to U.S.S.G.
§ 3B1.1(a) for his being an organizer or leader of criminal
activity involving five or more participants.

-----

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review a district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error.  United States v. Villanueva, 408 F.3d 193, 202-03 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).  The district court's application of a § 3B1.1 adjustment is a factual matter that is reviewed for clear error.  United States v. Dadi, 235 F.3d 945, 951 (5th Cir. 2000).

While the testimony at sentencing was based on information received from unidentified individuals and some of Arredondo's co-conspirators, hearsay evidence may be considered at sentencing if it has sufficient indicia of reliability, and Arredondo has not shown that the testimony did not have sufficient indicia of reliability.  See United States v. Gaytan, 74 F.3d 545, 558 (5th Cir. 1996).  Given the testimony at sentencing and "the extreme deference of the 'clear error' standard," United States v. Lowder, 148 F.3d 548, 554 (5th Cir. 1998), the district court's application of the four-level enhancement for Arredondo's being an organizer or leader of the criminal activity was not clearly erroneous.

AFFIRMED.